# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50191
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARRELL WAYNE LOVE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-142-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Darrell Wayne Love pleaded guilty to possession with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841, and was sentenced at the low end of the guidelines range to 151 months of imprisonment. He now challenges his sentence, seemingly complaining that the district court failed to provide adequate reasons, and he requests that his sentence be vacated.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50191

Because Love did not raise his current claims in the district court, review is limited to plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Love must show a forfeited error that is clear or obvious and that affected his substantial rights. *Id.* at 364-65. If he does, this court has the discretion to correct the error and should do so if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (internal quotation marks and citation omitted).

Despite citing law applicable to the procedural reasonableness of the sentence imposed, Love fails to sufficiently brief any challenge to the adequacy of the district court's stated reasons for imposing sentence, and he has therefore abandoned the claim. *United States v. Scroggins,* 599 F.3d 433, 446-47 (5th Cir. 2010). Instead, Love urges that the facts in the Presentence Report indicate that his girlfriend, not he, was involved in drug distribution and thus that the district court erred in sentencing him under §§ 841(a)(1) and (b)(1)(B).

Love pleaded guilty to facts establishing his possession of the drugs with the intent to distribute and the applicability of §§ 841(a)(1) and (b)(1)(B). His sworn statements at rearraignment "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Love does not seek to overcome that presumption or otherwise argue that his plea was unknowing or involuntary, and he has therefore abandoned any such claim. *See Scroggins,* 599 F.3d at 446-47.

Love has not demonstrated any error, plain or otherwise, in the district court's judgment. Accordingly, the judgment is AFFIRMED.